UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL CHIAROTTINO,<br><br>Defendant. | Case No. 14-cr-00466-JSW-1<br><br>**ORDER GRANTING RENEWED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: Dkt. No. 75 |

Now before the Court for consideration is the unopposed renewed motion for early termination of supervised release filed by Defendant Michael Chiarottino ("Chiarottino"). The Court has considered the parties' papers, relevant legal authority, and the record in the case, and it HEREBY GRANTS Chiarottino's motion.

### BACKGROUND

On July 16, 2016, the Court sentenced Chiarottino to thirty-six months of imprisonment followed by five years of supervised release for distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1). Chiarottino's term of supervised release began on August 29, 2018, and is scheduled to conclude on August 28, 2023. On January 6, 2022, the Court denied Chiarottino's first request for early termination of supervised release. (Dkt. No. 72, "1/6/22 Order".)

### ANALYSIS

As the moving party, Chiarottino bears the burden to show that early termination is appropriate. *See United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006). A court may,

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised

|   |   |
|---|---|
| 1 | release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.] |

18 U.S.C. § 3583(e)(1); *see also United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) ("The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."). In *Emmett*, the court emphasized that "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances" in order to determine whether to terminate supervised release. *Id.*; *accord United States v. Miller*, 205 F.3d 1098, 1011 (9th Cir. 2000).

Section 3583(e) permits "a sentencing court ... to respond to changes in the defendant's circumstances that may render a previously imposed condition of release either too harsh or inappropriately tailored to serve the general punishment goals of [Section] 3553(a)." *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (citing *Miller*, 205 F.3d at 1011); *see also United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997). The statute does not "categorically require[] a petitioner to demonstrate undue hardship." *Emmett*, 749 F.3d at 819-20. However, the lack of undue hardship may be considered to determine whether the interest of justice warrants early termination. *Id.* at 820. A district court is not required to "'tick off each of the relevant" 3553(a) factors, but it must provide an "explanation that would permit meaningful appellate review and justify the court's conclusion." *Id.* at 822.

Chiarottino is statutorily eligible for termination having completed more than one year of his term of supervised release. The Court also concludes that Chiarottino's health concerns and the interests of justice weigh in favor of early termination. The Court previously determined that Chiarottino had performed well on supervised release and did not appear likely to re-offend or otherwise pose a risk to the public. (*See* 1/6/22 Order at 3.) However, the Court found that need for adequate deterrence and lack of hardship weighed in favor of continued supervision. (*Id.*) Circumstances have now changed. With regard to hardship, Chiarottino states he must undergo back surgery and will require a significant period of recovery and recuperation at his sister's home in Washington. Moreover, with just two months remaining in his term of supervision, the Court finds the need for adequate deterrence has been satisfied. Further, the Government no longer

opposes termination of supervision.  The Court concludes that the interests of justice favor terminating supervised release at this time.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Chiarottino's renewed motion for early termination of supervised release and terminates his term of supervised release as of the date of this Order.

**IT IS SO ORDERED.**

Dated: June 28, 2023

_____
JEFFREY S. WHITE
United States District Judge